Daniel,
 

 J. On this appeal, there are three questions
 
 fot
 
 this court to determine.
 
 First,
 
 what estate or interest did Polly Jones take, under this clause in her father, George Norwood’s, will, “I lend to my daughter Polly Jones, one negro girl named Mary for her life; after her death, to be equally divided among the heirs of her body forever.” . The difference between this case and
 
 Ham
 
 v
 
 Ham,
 
 1 Dev. & Bat. Eq. 598, consists in the words
 
 “
 
 equally to be divided among the heirs of her body forever.” In
 
 Ham
 
 v
 
 Ham,
 
 the gift was to her daughter for life, then to her lawful heirs. In the case
 
 before us,
 
 if it had been a devise of land, we think that Polly Jones would have taken an estate tail at the common law, and wherever words in a will create an estate tail in lands, they will, in a bequest of chattels, carry the absolute estate. That the words made use of in Norwood’s will would create an estate tail in a devise of land, we think is established by the two cases of
 
 Jesson
 
 v
 
 Wright, 2
 
 Bligh. 2; and
 
 Doe
 
 v
 
 Harvey,
 
 4 Barn. & Cress. 610. Hays on real estate, 100 to 115. We therefore approve of this part of the
 
 decree. Secondhj,
 
 Mary Jones, by her last will, gave her
 
 *248
 
 " negrowoman Mary and all her children” to certain legatees. The slave Mary had a grand-child, born in the lifetime of the testatrix. Did the grand-child of Mary pass to the said legatees, under the words “ and all her children?” A devise or bequest to the children oí a man do not extend to his grand-children; grand-children never take, when there are children to answer the description, 2
 
 Powell on Dev.
 
 298, (Jar. Ed.) and the cases there cited. If, therefore, when the persons to take are described as « children,” and under that description a grand-child cannot take, if there be children, so we think that where the property bequeathed is described in the will
 
 “
 
 to be the children of my negro woman Mary,” the grand-child will not pass to the said legatees. The grand-child of the slave Mary is therefore to be sold under the residuary clause, and the money arising from the sale, is to go to William Jones and Sugars Jones, in the proportions declared in the will. We approve therefore of this part of the decree. Thirdly, we do not agree to so much of the decree as declares William Jones and Sugars Jones to be the general residuary legatees of the testatrix, Mary Jones. The words of the will are as follows: “All the balance of my estate that is not given, to be
 
 sold.
 
 And the
 
 money
 
 arising from the sale I give to ir.y son Sugars Jones, one fifth, and all the balance I give to my son William Jones.” William and Sugars are to have only the money arising from the proceeds of the
 
 sale,
 
 and not
 
 all her money.
 
 We think that the testatrix could not have intended that her specie and Bank notes on hand at her death should be exposed to sale. She must necessarily have meant, by the above words, such property as was usually the subject of sale. William and Sugars are, therefore, only particular residuary legatees of that money, which arose from the sales of all the saleable property, not disposed of by the will. The money on hand at the testatrix’s death (viz- specie and bank notes) is undisposed of by the will; and it will be distributed among the next of kin. So much of the decree, therefore, as declared, that the money on hand belonged to Sugars Jones and William Jones, ought to be corrected according to this opinion. The costs of the cause in this-
 
 *249
 
 court are to be paid by the plaintiff out of the funds in his hands. No Solicitor’s fee to be taxed.
 

 Per Curiam, Decree accordingly.